# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

THOMAS HOLMES, :
:
    Plaintiff, :
:
v. : Civil Action No.
: 5:08-CV-422 (HL)
GAINEY TRANSPORTATION :
SERVICES, INC., et al., :
:
    Defendants. :
_____ :

## ORDER

A pretrial conference was held in this case on June 21, 2010 in the Macon, Georiga courthouse. During the conference Plaintiff's counsel renewed Plaintiff's motion for a continuance. The motion was unopposed by Defendant. The Court orally granted the motion.

Plaintiff's counsel advised the Court that Plaintiff's physicians recommend that he not participate in stressful activities. Plaintiff's treating neurosurgeon also cannot conduct a myelogram test until at least the end of August 2010. After conducting the myelogram test Plaintiff's neurosurgeon will be better able to determine whether Plaintiff will need back surgery and if so, what type of back surgery will be necessary. Plaintiff has shown good cause to continue the trial.

If Plaintiff undergoes back surgery, then the Court believes that this case will proceed to trial in January 2011. Further trial extensions are not anticipated. The parties are to submit a status report to the Court following Plaintiff's myelogram not later than October 15, 2010. In the report, the parties are to explain whether Plaintiff will receive back surgery and if so, what type of surgery he will receive and whether

Plaintiff will be healthy enough to withstand trial in January 2011.

As the discovery period in this case has ended, if either party wishes to designate an expert medical witness who will testify to the cause of Plaintiff's injury, then the party must file a motion to amend the scheduling and discovery order.[1] Further, if the Defendant wishes to identify a witness to rebut the testimony of Plaintiff's treating physician that Plaintiff requires surgery, then the Defendant should file a motion to amend the scheduling and discovery order.[2]

**SO ORDERED**, this the 22nd day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

[1] A treating physician may testify as a lay witness regarding his treatment of a patient, but "once the treating physician expresses an *opinion* unrelated to treatment which is based on scientific, technical, or other specialized knowledge, that witness is offering expert testimony for which the court must perform its essential gatekeeping function as required by Daubert." Wilson v. Taser Intern., Inc., 303 Fed. Appx. 708, 712 (11th Cir. Dec. 16, 2008).

[2] Federal Rule of Civil Procedure 26 does not prohibit the defendant from naming a rebuttal expert to refute testimony from a treating physician. See Benett v. CSX Transp., Inc., 2006 WL 5249702, at * 3 (N.D. Ga. Sept. 19 2006) (stating that "this Court has implicityly acknowledged that a defendant is entitled to refute the expert testimony of a treating physician with its own expert.").